```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

SYED ZIAUDDIN,                  :
        Plaintiff,              :
                                :
    v.                          :   Civ. No. 3:07-CV-993 (AHN)
                                :
ETHAN ENZER, ET AL.,            :
        Defendants.             :


## RULING ON MOTION TO DISMISS

The plaintiff alien, Syed Ziauddin ("Ziauddin"), claims that he is eligible for an adjustment of his immigrant status to a lawful permanent resident pursuant to 8 U.S.C. § 1255. In August 2002, he filed an Application to Register Permanent Residence or Adjust Status ("adjustment application") with the United States Citizenship and Immigration Service ("USCIS"), seeking an adjustment of his status and an immigrant visa. He claims that USCIS has not yet adjudicated his adjustment application or issued the visa, and he petitions the court to issue a writ of mandamus compelling various officials in USCIS, the FBI, and the Department of Homeland Security (collectively "the government") to immediately adjudicate the application.[1]

Now pending before the court is the government's motion to

---

[1] The Mandamus Act grants the court authority "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Relying on § 1361, some courts have compelled the government to adjudicate adjustment applications pending for an unreasonable time. See, e.g., Ceken v. Chertoff, 536 F.Supp.2d 211, 216 (D. Conn. 2008) (finding that the court had mandamus jurisdiction to compel USCIS to adjudicate an alien's petition, which had been pending since 2003).

dismiss for failure to state a claim and for lack of subject matter jurisdiction [doc. # 12]. Ziauddin never filed an opposition to the motion to dismiss; nor has his counsel responded to inquiries by the court as to the status of his opposition. Before the court ruled on the motion to dismiss, however, the government informed the court that Ziauddin's adjustment application has now been processed. Based on that representation and Ziauddin's failure to oppose the motion to dismiss, the court finds that USCIS's adjudication of Ziauddin's application renders his petition for mandamus moot and, accordingly, grants the government's motion to dismiss.

"[A] case becomes moot . . . when it is impossible for the court to grant any effectual relief whatever to a prevailing party." See In re Kurtzman, 194 F.3d 54, 58 (2d Cir. 1999). Ziauddin's petition is moot because the court could not grant him any effective relief, given that the adjustment application has now been adjudicated.

Further, because Ziauddin's petition is moot, the court no longer has subject matter jurisdiction over it. A federal court does not have subject matter jurisdiction over a moot case because under Article III of the Constitution the court can only adjudicate cases where an actual case or controversy exists. Zapata v. INS, 93 F. Supp. 2d 355, 358 (S.D.N.Y. 2000). Accordingly, the court grants the government's motion to dismiss

for lack of subject matter jurisdiction. See Khattak v. Dep't of Homeland Security, Civ. No. 06-1738 JMR/FLN, 2007 WL 1080383, at *3 (D. Minn. April 9, 2007); see also Zapata, 93 F. Supp. 2d at 358.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to dismiss [doc. # 12] for lack of subject matter jurisdiction. The Clerk is directed to enter judgment accordingly.

SO ORDERED this 14th day of May, 2008, at Bridgeport, Connecticut.

```
                        /s/
            Alan H. Nevas
            United States District Judge
```